Fred J. Munder, J.
The defendants move to vacate a judgment entered upon a stipulation made in open court in the settlement of a pending action. The stipulation provided for the payment of $5,750 in settlement of a claim of $7,350 for the building of a model house. The adjusted amount was to be paid as follows:
$2,000 forthwith (which was paid)
$1,875 on February 23, 1959, and $1,875 on April 8, 1959.
In dictating the stipulation plaintiff’s attorney stated “ The plaintiff represents that the catting on the plywood floors has been done” and defendants’ attorney said “In explanation, this is a rather important item ”. The stipulation was made on *420 January 8, 1959. The model house, which was the subject of the action, had been completed on December 11,1956.
The installment due on February 23, 1959 was not paid nor was there any explanation given for the default. Ten days later plaintiff’s attorney communicated with defendants’ attorney and was told that he would inquire and advise plaintiff’s attorney. No further word was heard. After the default in payment of the second installment the plaintiff entered judgment on April 15, 1959 without further notice to defendants for the sum of $3,750 with interest and costs, totaling $4,452.15 as provided in the stipulation.
Now the defendants ask the default to be opened on the theory that the catting was not completed based on the report of an inspection by an architect on April 18, 1959, three days after the entry of judgment, almost two months after the first default, a year and a half after the complaint was delivered to defendants’ attorney and over two years and four months after the building was completed.
There is no explanation why the defendants did not know of this claimed absence of catting on the day the stipulation was made. It appears to me that the insistence on the inclusion of the assurance it had been done was simply to provide an excuse for further delay.
I am wholly unconvinced of any merit in the defendants’ claim. On the contrary, I am convinced, by the plaintiff’s action in sending a mechanic to put in additional catting after the entry of judgment when the further complaint of its absence was made, that plaintiff’s position in this matter has been and presently is fully justifiable.
The motion to open the default and vacate the judgment is denied, with $10 costs, and the stay of proceedings on the judgment is vacated.
Submit order.